UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITES STATES OF AMERICA,

-vs-

ALLEN R. CLARK,

Defendant.

ORDER PERTAINING TO RESTITUTION

23-CR-6021-DGL-MJP

---

**Pedersen, M.J.** By Order of the Hon. David G. Larimer, United States District Judge, dated November 2, 2023, the above case was referred to me to file a report and recommendation concerning the amount of restitution owed by the defendant. On December 19, 2023, I attempted to hold a restitution hearing. The defendant was not transported from a Bureau of Prisons facility in Florida, and I postponed the hearing until January 23, 2024, at 1:00 p.m.

Subsequently, my research revealed that an in-person hearing may not be necessary. *See United States v. Moschella,* 727 F.3d 888 (9th Cir. 2013) (no hearing required where no dispute was presented to the court to resolve); *United States v. Hagerman*, 506 F. App'x 14, 20 (2d Cir. 2012) (no hearing necessary where defendant did not rebut findings by the district court). As required by 18 U.S.C. § 3664(a), the U.S. Probation Department submitted an amended report regarding the division of the restitution amount agreed upon by the defendant in the plea agreement.

Paragraph 20 of the plea agreement contains this statement:

The defendant understands, and the parties agree, that the offense of conviction is an offense listed under 18 U.S.C. § 3663A(c)(1), and therefore the Court must require restitution in the approximate amount of $55,310 to be paid to ESL Credit Union as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States

Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

Paragraph 28 of the agreement states: "The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII [which includes paragraph 20] of this agreement."

The revised presentence investigation report, dated October 18, 2023, set out in paragraph 33 the restitution amounts and distribution as follows: "Restitution in the total amount of $55,310.00 is owed to the victim banks as follows: ESL Federal Credit Union is owed $4,930.00, M&T Bank is owed $47,595.00, and Community Bank is owed $2,785.00."

In a memorandum dated December 5, 2023, from the probation officer who prepared the presentence investigation report, she clarified that the restitution amounts, and distribution had been confirmed by her to be as follows: "in the amount of $55,310.00; specifically, $45,435.00 to ESL Federal Credit Union; and $9,875.00 to Community Bank." I note that the victims are not required to participate in any phase of a restitution order. 18 U.S.C. § 3664(g)(1).

Accordingly, unless the defendant presents through an affidavit of a person with knowledge of an issue of fact requiring an in-person hearing to resolve, the Court will issue a Report and Recommendation to the district judge following the U.S. Probation Department's recommendation of December 5, 2023. Accordingly,

The Court ORDERS, that the defense file and serve an affidavit raising an issue of fact requiring a hearing by **January 12, 2024**, and that any response by the government be filed by **January 19, 2024**. Failure by the defense to file any such

affidavit will result in cancellation of the hearing scheduled for January 23, 2024, the undersigned issuing a Report and Recommendation to the District Judge that restitution be ordered in the amount of $55,310.00, with payment of $45,435.00 to ESL Federal Credit Union, and payment of $9,875.00 to Community Bank.

FURTHER, because a hearing may not be necessary, the Court directs that the **defendant NOT be transported** to the courthouse for the appearance on January 23, 2024 at 1:00 p.m. The Court will notify the parties and the U.S. Marshal should transportation be necessary and arrange a date permitting sufficient time to arrange for it.

**IT IS SO ORDERED.**

DATED:   December 28, 2023
           Rochester, New York

MARK W. PEDEREN
United States Magistrate Judge