UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**United States of America,**

v.    **REPORT and RECOMMENDATION**

**Allen R. Clark,**    23-CR-6021-DGL-MJP

Defendant.

---

**APPEARANCES**

**For the United States:**   **Melissa M. Marangola, AUSA**
U.S. Attorney's Office - Rochester
100 State Street
Rochester, NY 14614
Tel.: 716-843-5884
Fax: 716-551-5563
Email: melissa.marangola@usdoj.gov

**For Defendant:**   **Paul J. Vacca , Jr., Esq.**
One East Main Street
Suite 1000
Rochester, NY 14614-1879
Tel.: 585-325-3336
Fax: 585-232-6674
Email: pvacca99@gmail.com

## INTRODUCTION

**Pedersen, M.J.** The Honorable David G. Larimer, U.S. District Judge, referred this matter post-plea to me to ascertain the proper amount and distribution of restitution. I now report and recommend that the amount to be ordered paid by the defendant to ESL Federal Credit Union is $45,435.00, and the amount to be ordered paid by the defendant to Community Bank is $9,875.00, for a total amount of restitution of $55,310.00.

1

## FINDINGS OF FACT

On March 9, 2023, the defendant consented to, and did, plead guilty before me to a one-count information charging a violation of 18 U.S.C. § 1344 (financial institution fraud). I submitted a report and recommendation to Judge Larimer recommending he accept the plea. (R. & R. Mar. 9, 2023, ECF No. 41). Judge Larimer sentenced the defendant on October 25, 2023, to a term of 84 months incarceration; 5 years of supervised release; waived any fine; and a $100 special assessment. Pursuant to 18 U.S.C. § 3664(d)(5) and (d)(6), the Court bifurcated the restitution issue and referred the matter to me for a report and recommendation, and a hearing, or findings of fact.

I scheduled an evidentiary hearing for December 19, 2023, but on that date, I was informed by the Marshal that the defendant had not been transported here from his site of incarceration in Florida, so I indicated my intent to reschedule the hearing. However, while in the courtroom on December 19th, I reappointed Mr. Vacca to represent the defendant on the restitution issue (since he originally represented him for the plea and sentencing). I informed counsel that the U.S. Probation Office had issued a revised recommendation on December 5, 2023, as to the distribution of restitution and asked whether any hearing would be necessary. When I asked defense counsel if the Probation memorandum was something with which his client disagreed, counsel said "I would say he disagrees with it." The Assistant U.S. Attorney then informed me the defendant already agreed to the amount in the plea agreement and only the distribution was at issue.

On December 28, 2023, I entered an Order directing:

that the defense file and serve an affidavit raising an issue of fact requiring a hearing by January 12, 2024, and that any response by the government be filed by January 19, 2024.

Failure by the defense to file any such affidavit will result in cancellation of the hearing scheduled for January 23, 2024, the undersigned issuing a Report and Recommendation to the District Judge that restitution be ordered in the

> amount of $55,310.00, with payment of $45,435.00 to ESL Federal Credit Union, and payment of $9,875.00 to Community Bank.
>
> FURTHER, because a hearing may not be necessary, the Court directs that the defendant NOT be transported to the courthouse for the appearance on January 23, 2024 at 1:00 p.m.

(Order, ECF No. 60.)

The plea agreement at paragraph 20 specified:

> [T]he Court must require restitution in the approximate amount of $55,310 to be paid to ESL Credit Union as part of the sentence pursuant to Sentencing Guidelines § 5El.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

(Plea Agreement ¶ 20, ECF No. 40.)

As I referred to above, on December 5, 2023, U.S. Probation Officer Jacquelyn D. Finucane provided me with a memorandum addressing restitution. The full contents of that memorandum's body is this:

> On October 31, 2023, a memorandum along with Mr. Clark's Presentence Investigation Report was sent to Your Honor requesting a bifurcation hearing for restitution be placed on the calendar. Since that date, the correct restitution amounts and victims have been confirmed. The matter is scheduled before Your Honor on December 19, 2023, and it is recommended restitution be ordered as follows:
>
> Pursuant to 18 U.S.C. §3663A, it is ordered that the defendant make restitution to the victims in the amount of $55,310.00; specifically, $45,435.00 to ESL Federal Credit Union; and $9,875.00 to Community Bank. The restitution is due immediately. Interest on the restitution is waived. Restitution will be joint and several with any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses, including Dennis Jones, Ja'Cari Robinson and Liza Freiman. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.
>
> Pursuant to 18:3664(n), if the defendant is obligated to provide restitution, or pay a fine, and he receives resources from any source, including inheritance, settlement (insurance, lawsuit), or other judgment during a period of incarceration, he shall be required to apply the value of such resources to any outstanding restitution or fine.

Once ordered by the Court, an Amended Judgement will be entered. (Memorandum from Officer Finucane to me, Dec. 5, 2023, on file with the Court.)

On January 17, 2024, I sent an email and fax to both counsel informing them that since no motion had been filed raising a factual issue requiring a hearing on the restitution issue, I would be preparing a Report and Recommendation for Judge Larimer and anticipated sending it to him on Friday, January 18, 2024.

## CONCLUSIONS OF LAW

The applicable statutory sections state the following:

> (5) If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.
>
> (6) The court may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court.

18 U.S.C. § 3664(d)(5) & (d)(6).

Neither the defense nor the prosecution has raised an issue of fact requiring a hearing. The defendant already agreed during his plea to pay restitution of approximately $55,310.00, and the December 5, 2023, U.S. Probation Memorandum concludes exactly that amount is due. Thus, the Court may order restitution in this case as follows:

> Pursuant to 18 U.S.C. § 3663A, it is ordered that the defendant make restitution to the victims in the amount of $55,310.00; specifically, $45,435.00 to ESL Federal Credit Union; and $9,875.00 to Community Bank. The restitution is due immediately. Interest on the restitution is waived. Restitution will be joint and several with any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses, including Dennis Jones, Ja'Cari Robinson and Liza Freiman. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1

4

through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. § 3664(f)(2), while on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

Pursuant to 18 U.S.C. § 3664(n), if the defendant is obligated to provide restitution, or pay a fine, and he receives resources from any source, including inheritance, settlement (insurance, lawsuit), or other judgment during a period of incarceration, he shall be required to apply the value of such resources to any outstanding restitution or fine.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), I hereby

**Order** that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within **fourteen days** after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Crim. P. 59(b)(2) and W.D.N.Y. Local Criminal Rule 59(c)(2).

***Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.*** *Thomas v. Am*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985); *F.D.I.C. v. Hillcrest Associates*, 66 F.3d 566 (2d Cir.1995); *Wesolak v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir.1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 59(c)(2), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

**IT IS SO ORDERED.**

Dated:   January 17, 2024
         Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge